# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| BUDDY LEE CRINER, #1249251, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0457-H |
| | ) | ECF |
| DOUGLAS DRETKE, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Ramsey II Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Rosharon, Texas. Respondent is the Director of TDCJ-CID. The Court has not issued process in this case, pending preliminary screening.

Statement of Case: Following his plea of not guilty, Petitioner was convicted by a jury of delivery of a controlled substance in the 30th District Court of Wichita County, Texas. On July 14, 2004, punishment was assessed at twenty years imprisonment. (Petition at 1). The Second

Court of Appeals at Fort Worth affirmed his conviction.  See Criner v. State, No. 02-04-00351-CR (Tex. App. -- Fort Worth Oct. 20, 2005, no pet.) (per curiam).

In this federal petition, filed on March 14, 2006, Petitioner claims the state court deprived him of an evidentiary hearing before denying his pre-trial habeas corpus petition.  Petitioner subsequently filed a motion for leave to file a petition for writ of mandamus with the Texas Court of Criminal Appeals, challenging the denial of the evidentiary hearing.  The motion for leave to file was denied.  (See White card for Ex parte Criner, WR-61,080-01, attached to the federal petition).

Findings and Conclusions:  The petition in this case is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings.  That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits and the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner claims the state habeas court violated his due process rights in denying him a hearing on his pre-trial habeas petition.  Infirmities in state habeas proceedings are not grounds for federal habeas corpus relief.  See Rudd v. Johnson, 256 F.3d 317, 319-20 (5th Cir. 2001) (citing Trevino v Johnson, 168 F.3d 173, 180 (5th Cir. 1997); Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995); Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992); Vail v. Procunier, 747 F.2d 277, 277 (5th Cir. 1984)).  Accordingly, Petitioner is not entitled to relief and his petition should be summarily dismissed.

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for a writ of habeas corpus be summarily dismissed.  See Rule 4 of the Rules Governing § 2254 proceedings

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 10th day of April, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.